UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC, | § § § | |
| Plaintiff, | § | Civil Action No. _____ |
| v. | § § | |
| APPLE, INC. | § | JURY TRIAL REQUESTED |
| Defendant. | § § § | |

**PLAINTIFF MOBILE TELECOMMUNICATIONS
TECHNOLOGIES, LLC's ORIGINAL COMPLAINT**

Plaintiff Mobile Telecommunications Technologies, LLC ("MTEL" or "Plaintiff") files this complaint against Apple, Inc. ("Apple") for infringement of U.S. Patent Nos. 5,809,428 (the "'428 Patent"), 5,754,946 (the "'946 Patent"), 5,894,506 (the "'506 Patent"), 5,590,403 (the "'403 Patent"), 5,659,891 (the "'891 Patent"), 5,915,210 (the '210 Patent") and 5,786,748 (the "'748 Patent") pursuant to 35 U.S.C. § 271 and alleges as follows.

**THE PARTIES**

1. Plaintiff MTEL is a Delaware corporation with its principal place of business at 1720 Lakepointe Drive, Suite 100 Lewisville, TX 75057.

2. MTEL owns and controls a portfolio of patents developed by Mobile Telecommunication Technologies Corp. ("MTEL Corp.") and its related entities, such as Destineer and SkyTel Communications.

3. MTEL Corp. was a pioneer in wireless communications and is credited with launching the world's first two-way wireless paging service, dubbed SkyTel 2-Way.

4. Apple is a corporation incorporated under the laws of the state of California with its principal place of business is at 1 Infinite Loop, M/S 38-3TX, Cupertino, California 95014.

Apple may be served with process by serving C T Corp. System, 350 N. St. Paul St., Ste. 2900, Dallas, Texas 75201-4234.

## JURISDICTION AND VENUE

5.      This is an action for patent infringement under the Patent Laws of the United States, Title 35 of the United States Code.  The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Venue lies in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

6.      This Court has personal jurisdiction over Apple under the laws of the State of Texas, including the Texas long-arm statute, TEX. CIV. PRAC. & REM. CODE § 17.042.

7.      Plaintiff incorporates all statements of jurisdiction in the preceding paragraphs.  In addition to continuous and systematically doing business in Texas, including announcing plans to build a multi-million dollar campus in Texas and establishing and promoting sales at its at least eighteen stores throughout Texas including the Eastern District of Texas, the causes of action against Apple in this Complaint arise from or are connected with purposeful acts committed by Apple in Texas.  Apple has conducted and continues to conduct business within the State of Texas, directly or through intermediaries or agents, or offers for sale, sells, or advertises (including through the provision of interactive web pages) products or services, or uses or induces others to use products or services in Texas that infringe the '428 Patent, the '946 Patent, the '506 Patent, the '403 Patent, the '891 Patent, the '210 Patent, and the '748 Patent or knowingly contributes to infringement of the '428 Patent, the '946 Patent, the '506 Patent, the '403 Patent, the '891 Patent, the '210 Patent, and the '748 Patent.

## THE PATENTS-IN-SUIT

8.      On September 15, 1998, the United States Patent and Trademark ("USPTO") duly and legally issued United States Patent No. 5,809,428, titled "Method and Device for Processing

Undelivered Data Messages in a Two-Way Wireless Communications System," after a full and fair examination.  A true and correct copy of the '428 Patent is attached hereto as Exhibit A. Plaintiff is the assignee of all right, title and interest in and to the '428 Patent and possesses the exclusive right of recovery under the '428 Patent, including the exclusive right to recover for past and future infringement of the '428 Patent.  The '428 Patent is valid and enforceable.

9.      The '428 Patent discloses and claims, *inter alia*, methods, systems, and devices for storing undeliverable messages, such as e-mail and SMS messages.

10.     On May 19, 1998, the USPTO duly and legally issued United States Patent No. 5,754,946 titled "Nationwide Communication System," after a full and fair examination.  A true and correct copy of the '946 Patent is attached hereto as Exhibit B.  Plaintiff is the assignee of all right, title and interest in and to the '946 Patent and possesses the exclusive right of recovery under the '946 Patent, including the exclusive right to recover for past and future infringement of the '946 Patent.  The '946 Patent is valid and enforceable.

11.     The '946 Patent discloses and claims, *inter alia*, devices and networks that provide for the transmission of unreceived portions of a message.

12.     On April 13, 1999, the USPTO duly and legally issued United States Patent No. 5,894,506 titled "Method and Apparatus for Generating and Communicating Messages Between Subscribers to an Electronic Messaging Network," after a full and fair examination.  A true and correct copy of the '506 Patent is attached hereto as Exhibit C.  Plaintiff is the assignee of all right, title and interest in and to the '506 Patent, including the exclusive right to recover for past and future infringement of the '506 Patent.  The '506 Patent is valid and enforceable.

13.     The '506 Patent discloses and claims, *inter alia*, an electronic messaging network comprising an network operations center and message terminals, including memory for storing

corresponding files of canned messages and associated message codes, which improves message compression and conserves communications link capacity.

14.     On December 31, 1996, the USPTO duly and legally issued United States Patent No. 5,590,403, titled "Method and System for Efficiently Providing Two Way Communication Between a Central Network and Mobile Unit," after a full and fair examination.  A true and correct copy of the '403 Patent is attached hereto as Exhibit D.  MTEL is the assignee of all right, title and interest in and to the '403 Patent and possesses the exclusive right of recovery under the '403 Patent, including the exclusive right to recover for past and future infringement of the '403 Patent.  The '403 Patent is valid and enforceable.

15.     The '403 Patent discloses and claims, *inter alia*, a two-way communications system for communication between a system network and a mobile unit.

16.     On August 19, 1997, the USPTO duly and legally issued United States Patent No. 5,659,891, titled "Multicarrier Techniques in Bandlimited Channels," after a full and fair examination.  A true and correct copy of the '891 Patent is attached hereto as Exhibit E.  MTEL is the assignee of all right, title and interest in and to the '891 Patent and possesses the exclusive right of recovery under the '891 Patent, including the exclusive right to recover for past and future infringement of the '891 Patent.  The '891 Patent is valid and enforceable.

17.     The '891 Patent discloses and claims, *inter alia*, using co-located transmitters to achieve higher transmission capacity for two-way digital communications.

18.     On June 22, 1999, the USPTO duly and legally issued United States Patent No. 5,915,210, titled "Method and System for Providing Multicarrier Simulcast Transmission," after a full and fair examination.  A true and correct copy of the '210 Patent is attached hereto as Exhibit F.  MTEL is the assignee of all right, title and interest in and to the '210 Patent and

possesses the exclusive right of recovery under the '210 Patent, including the exclusive right to recover for past and future infringement of the '210 Patent.  The '210 Patent is valid and enforceable.

19.    The '210 Patent discloses and claims, *inter alia*, a multi-carrier simulcast transmission system for transmitting in a desired frequency band.

20.    On July 28, 1998, the USPTO duly and legally issued United States Patent No. 5,786,748, titled "Method and Apparatus for Giving Notification of Express Mail Delivery," after a full and fair examination.  A true and correct copy of the '748 Patent is attached hereto as Exhibit G.  MTEL is the assignee of all right, title and interest in and to the '748 Patent and possesses the exclusive right of recovery under the '748 Patent, including the exclusive right to recover for past and future infringement of the '748 Patent.  The '748 Patent is valid and enforceable.

21.    The '748 Patent discloses and claims, *inter alia*, methods and apparatuses for informing customers of the status of delivery of ordered goods.

## INFRINGEMENT OF THE PATENTS-IN-SUIT

22.    Plaintiff reincorporates Paragraphs 1 through 21 as though fully restated herein.

23.    Apple, without authorization or license, has been and is now directly and/or indirectly infringing multiple claims of the '428 Patent, the '946 Patent, the '506 Patent, the '403 Patent, the '891 Patent, the '210 and the '748 Patent (together, the "Patents-in-Suit"), in violation of 35 U.S.C. § 271 as stated below.  Apple's infringement has been and will continue to be willful at least since its knowledge of the Patents-in-Suit.

24.    Apple's customers are likewise direct infringers of the Patents-in-Suit when Apple's customers use Apple's products and services.

### INFRINGEMENT OF U.S. PATENT NO. 5,809,428

25.     Apple has directly infringed and will continue to directly infringe claims of the '428 Patent by making, using, selling, offering for sell, and/or importing in the United States mobile devices using iOS and networks that provide Apple's iMessage communication service and other messaging services, including MMS text messaging services, XMPP-based messaging services and email services such as Google gmail, Yahoo mail, AOL, Microsoft Exchange, Hotmail and Apple's iCloud and other email and messaging solutions and apps provided by or through Apple or its App Store (collectively "Messaging Services").  The networks include one or more Messaging Service network operations centers provided by or through Apple.

26.     End users with mobile units enabled by Messaging Service applications use the Apple Messaging Service operations center embodied by the claims of the '428 Patent.  Such use by the end users is direct patent infringement of the claims of the '428 Patent.  Apple has and will continue to contribute to and induce the infringement of others of claims of the '428 Patent based on this direct infringement by instructing and otherwise encouraging infringement by end users and providing Messaging Service software and mobile devices specially enabled for utilizing the Messaging Service communication service.  The Messaging Service software and mobile devices have features that have substantially no non-infringing uses other than to operate as claimed in the '428 Patent.  Apple encourages the end users to use the Messaging Service operations center and intends the end users use infringing systems as contemplated by the claims of the '428 Patent.

27.     Apple directly infringes and will continue to directly infringe claims of the '428 Patent by making, using, selling, offering for sell, and/or importing in the United States wireless mobile units compatible with Messaging Services that embody at one or more claim of the '428 Patent and/or practice the methods of the '428 Patent.  Infringing mobile units with compatible

Messaging Services include without limitation Apple-branded mobile phones, tablets and computers (*e.g.*, all versions of Apple's iPhone, iPad, iPod Touch).

28.     End users use infringing mobile units enabled by Messaging Services, and such mobile units embody claims of the '428 Patent and/or practice the methods of the '428 Patent. Such use by the end users is direct patent infringement of the '428 Patent.  Apple has and will continue to contribute to and induce the infringement of end users by instructing and otherwise encouraging infringement and by providing infringing mobile units and compatible Messaging Services preinstalled and for installation after activation on Apple-branded mobile phones, tablets and computers.  The Messaging Services and mobile devices have features relevant to the end user's direct infringement that have no substantially non-infringing uses other than to operate and perform as claimed in the '428 Patent.  The Apple-branded mobile devices are specially enabled for utilizing the Messaging Services.  Apple encourages end users to use the Messaging Services and intends the end users use its Apple-branded mobile units enabled with at least one Messaging Service application as contemplated by the claims of the '428 Patent.

29.     Apple has had knowledge of the '428 Patent since at least the filing of this action or its service.

### INFRINGEMENT OF U.S. PATENT NO. 5,754,946

30.     Apple has directly infringed and will continue to directly infringe by making, using, selling, offering for sell, and/or importing  in the United States mobile devices using iOS that embody claims and/or practice the methods of the '946 Patent, including but not limited to all versions of Apple's iPhone, iPad and iPod Touch, and compatible Messaging Services.

31.     End users with mobile devices utilizing iOS and Messaging Services on Apple's mobile units, such as all versions of Apple's iPhone, iPad, and iPod Touch, are direct infringers of the claims of the '946 Patent by using mobile units that infringe the claims of the '946 Patent.

Apple has and will continue to contribute to and induce the infringement of end users by instructing and otherwise encouraging infringement by end users by providing manuals and similar instructions on the operation of its mobile units and compatible Messaging Services. Apple instructs end users on ways and methods of retrieving portions of email and other messages.  The messaging features utilized by the mobile units to infringe the '946 Patent have no substantial non-infringing uses other than to operate as claimed in the '946 Patent.  Apple intends the end users to use the infringing mobile devices as contemplated by the '946 Patent.

32.     Apple has had knowledge of the '946 Patent since at least the filing of this action or its service.

**INFRINGEMENT OF U.S. PATENT NO. 5,894,506**

33.     Apple has directly infringed and will continue to directly infringe by making, using, selling, offering for sell, and/or importing in the United States Apple devices that embody claims or practice the methods of the '506 Patent.  Apple makes, uses, sells, offers for sale and imports electronic messaging networks, including but not limited to iCloud, and mobile units such as iPhones, iPods and iPads (collectively, "Templated Message Services and Equipment") that embody the claims or practice the methods of the '506 Patent.  Upon information and belief, Apple's Templated Message Services and Equipment have or transmit templated messages such as meeting requests within calendar functions and are capable of sending other templated messages that infringe the claims of the '506 Patent.

34.     End users of Apple's Templated Message Services and Equipment are direct infringers of the claims of the '506 Patent.  Apple has and will continue to contribute to and induce the infringement of others of claims of the '506 Patent by instructing and otherwise encouraging infringement of end users by providing manuals and similar instructions on the operation of the Templated Message Services and Equipment.  By example, Apple instructs end

users on how to use the calendar features of the device and how to send and receive meeting requests.  The material infringing features of Templated Message Services and Equipment have no substantial non-infringing uses other than to operate as claimed in the '506 Patent.

35.    Apple has had knowledge of the '506 Patent since at least the filing of this action or its service.

### INFRINGEMENT OF U.S. PATENT NO. 5,590,403, 5,659,891 AND 5,915,210

36.    Apple has directly infringed and will continue to directly infringe by making, using, selling, offering for sell, and/or importing in the United States devices, namely the Apple AirPort Express, AirPort Extreme, and Time Capsule (collectively "Dual Transmission Devices"), that embody the claims or practice the methods of the '403 Patent, the '891 Patent and the '210 Patent.  Apple's accused products implement and use the Wi-Fi standard IEEE 802.11n.  Apple has infringed and will continue to infringe the '403 Patent, the '891 Patent and the '210 Patent because of the "simultaneous dual-band 802.11n" feature advertised as part of the accused Dual Transmission Devices, among others.

37.    End users of Dual Transmission Devices are direct infringers of the claims of the '403 Patent, the '891 Patent and the '210 Patent.  Apple has and will continue to contribute to and induce the infringement of others, including its customers, by supplying a material component (*e.g.*, the Dual Transmission Devices) with no substantial non-infringing use, or providing aid, instruction or otherwise causing acts that would constitute direct infringement by its customers by, for instance, providing instruction manuals.

38.    Apple has had knowledge of the '403 Patent, the '891 Patent and the '210 Patent since at least the time of the filing of this action or its service.

## INFRINGEMENT OF U.S. PATENT NO. 5,786,748

39.     Apple has directly infringed and will continue to directly infringe by making, using, selling, offering for sell, and/or importing in the United States a delivery notification service that practices the methods of the '748 Patent.  Apple provides a tracking and notification service to customers who purchase Apple products directly from Apple.  Apple sometimes refers to this service as a shipping notification.  The shipping notification sends updates (including changes in estimated delivery dates/times) regarding the status of express mail shipments to a customer's email address or mobile number.

40.     Apple has had knowledge of the '748 Patent since at least the filing of this action or its service.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A.     That Apple be adjudged to have infringed the Patents-in-Suit, directly and indirectly, by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents;

B.     That Apple, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, be preliminarily and permanently restrained and enjoined from directly or indirectly infringing the Patents-in-Suit;

C.     That Plaintiff be awarded damages sufficient to compensate Plaintiff for Apple's infringement, pursuant to 35 U.S.C. § 284;

D.     That Apple be directed to pay Plaintiff pre-judgment and post-judgment interest and costs for Plaintiff bringing this lawsuit, in accordance with 35 U.S.C. § 284;

E.     That Apple be directed to pay enhanced damages, including Plaintiff's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285; and

F.      That Plaintiff receives such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury of any and all issues triable of right before a jury.


Dated: April 2, 2013                                     Respectfully Submitted,

                                                         /s/ *Daniel Scardino*
                                                         _____
                                                         Daniel R. Scardino
                                                         Texas State Bar No. 24033165
                                                         John L. Hendricks
                                                         Texas State Bar No. 00785954
                                                         Steven P. Tepera
                                                         Texas State Bar No. 24053510
                                                         REED & SCARDINO LLP
                                                         301 Congress Avenue, Suite 1250
                                                         Austin, TX  78701
                                                         Tel. (512) 474-2449
                                                         Fax (512) 474-2622
                                                         dscardino@reedscardino.com
                                                         jhendricks@reedscardino.com
                                                         stepera@reedscardino.com

                                                         ATTORNEYS FOR PLAINTIFF
                                                         MOBILE TELECOMMUNICATIONS
                                                         TECHNOLOGIES, LLC