**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC, | |
| Plaintiff, | Civil Action No. 2:13-cv-258-JRG-RSP |
| v. | **JURY TRIAL REQUESTED** |
| APPLE INC., | |
| Defendant. | |

**DEFENDANT APPLE INC.'S MOTION TO DISMISS
PLAINTIFF'S CLAIMS FOR WILLFUL INFRINGEMENT**

**I.     INTRODUCTION**

Pursuant to Fed. R. Civ. P. 12(b)(6), defendant Apple Inc. ("Apple") respectfully moves the Court to dismiss the claims for willful patent infringement filed by plaintiff Mobile Telecommunications Technologies, LLC ("MTEL").  *See* Dkt. No. 1.[1]  MTEL's willful infringement claims should be dismissed for failure to state a claim upon which relief can be granted because the allegations fail to satisfy the basic pleading standards of Fed. R. Civ. P. 8(a) as articulated by the United States Supreme Court.  More specifically, MTEL's willful infringement allegations are not grounded in Apple's pre-filing conduct as required by the Federal Circuit.  MTEL fails to allege any facts whatsoever on which to base a good faith claim of willful infringement.

**II.    LEGAL STANDARDS FOR PLEADING WILLFUL INFRINGEMENT**

The Court may dismiss claims or allegations in MTEL's complaint if they fail to "state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  The Supreme Court has held that a complaint must include "enough facts to state a claim to relief that is plausible on its face," in order to comply with Fed. R. Civ. P. 8(a).  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Without requiring at least facial plausibility, "claim[s] would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery."  *Id.* at 561.  "[D]istrict court[s] must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed."  *Id.* at 558 (citation omitted).

---

[1] The seven asserted patents are U.S. Patent Nos. 5,809,428, 5,754,946, 5,894,506, 5,590,403, 5,659,891, 5,915,210, and 5,786,748.

1

The Supreme Court later clarified that the *Twombly* pleading standard applies to "all civil actions." *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678.  Thus, "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

To establish willful infringement, a patentee must demonstrate that (i) "the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent," and (ii) "this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007).  In *Seagate*, the Federal Circuit held that "**a willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct**." *Id*. at 1374 (emphasis added).  That is because "when a complaint is filed, a patentee must have a good faith basis for alleging willful infringement." *Id.* (citing Fed. R. Civ. P. 8, 11(b)).

### III.  MTEL'S WILLFUL INFRINGEMENT CLAIMS SHOULD BE DISMISSED BECAUSE THEY ARE NOT GROUNDED IN APPLE'S PRE-FILING CONDUCT

MTEL's willful infringement claims consist of the following bald allegation pertaining to all seven patents-in-suit:

- "Apple's infringement has been and will continue to be willful at least since its knowledge of the Patents-in-Suit."  Dkt. No. 1 at ¶ 23.

And for each of the seven patents-in-suit, MTEL only alleges that Apple had knowledge of the patent "since at least the filing of this action or its service." *Id.* at ¶¶ 29, 32, 35, 38, 40.

2

MTEL thus fails to allege that Apple had any pre-filing knowledge of the patents-in-suit, and likewise fails to base its willful infringement claims on any pre-filing conduct by Apple, in violation of *Seagate*'s pleading standard.  See *Seagate*, 497 F.3d at 1374.  More generally, MTEL's complaint does not allege any facts that demonstrate a good faith basis for asserting willful infringement, and instead merely recites a "naked assertion devoid of further factual enhancement."  *Iqbal*, 556 U.S. at 678.  In addition, MTEL therefore necessarily fails to allege any facts permitting an inference that Apple "acted despite an objectively high likelihood that its actions constituted infringement of a valid patent," and that such risk "was either known or so obvious that it should have been known" to Apple.  *Seagate*, 497 F.3d at 1371.  Accordingly, MTEL's willful infringement claims and its related prayer for enhanced damages (*see* Dkt. No. 1 at ¶ E) should be dismissed for failure to state a claim upon which relief can be granted.  *See Seagate*, 497 F.3d at 1374; *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 684; *see also Realtime Data, LLC v. Morgan Stanley, et al.*, 721 F. Supp. 2d 538, 545 (E.D. Tex. 2010) (dismissing willful infringement allegations in plaintiff's complaint and holding that "*Seagate* clearly requires a patentee to do more than suggest that more definite allegations are to follow once discovery is underway.").

## IV.   CONCLUSION

For the reasons stated above, defendant Apple respectfully requests that the Court grant its motion and dismiss MTEL's claims of willful infringement and enhanced damages as to each patent-in-suit.

| | |
|---|---|
| Dated: August 5, 2013 | Respectfully submitted, |

OF COUNSEL:

    Garland T. Stephens
    WEIL GOTSHAL & MANGES LLP
    700 Louisiana, Suite 1600
    Houston, TX 77002
    (713) 546-5000
    (713) 224-9511 FAX
    garland.stephens@weil.com

    Brian E. Ferguson
    Anish R. Desai
    David M. DesRosier
    WEIL GOTSHAL & MANGES LLP
    1300 Eye Street NW, Suite 900
    Washington, DC 20005
    (202) 682-7000
    (202) 857-0940 FAX
    brian.ferguson@weil.com
    anish.desai@weil.com
    david.desrosier@weil.com

    Anne M. Cappella
    Jill J. Schmidt
    WEIL GOTSHAL & MANGES LLP
    201 Redwood Shores Parkway
    Redwood Shores, CA 94065
    (650) 802-3000
    (650) 802-3100 FAX
    anne.cappella@weil.com
    jill.schmidt@weil.com

By: */s/ Eric H. Findlay*
    Eric H. Findlay
    State Bar No. 00789886
    Brian Craft
    State Bar No. 04972020
    FINDLAY CRAFT, LLP
    6760 Old Jacksonville Hwy
    Suite 101
    Tyler, TX 75703
    (903) 534-1100
    (903) 534-1137 FAX
    efindlay@findlaycraft.com
    bcraft@findlaycraft.com

    **COUNSEL FOR DEFENDANT APPLE INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 5, 2013, the foregoing document was filed electronically in compliance with Local Rule CV-5(a). This motion was served on all counsel by electronic filing.

*/s/ Eric H. Findlay*
Eric H. Findlay