UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC, | § § § | |
| Plaintiff, | § | Civil Action No. 2:13-cv-00258-JRG-RSP |
| v. | § § | |
| APPLE, INC. | § | JURY TRIAL REQUESTED |
| Defendant. | § § § | |

**MTEL'S RESPONSE TO APPLE'S MOTION TO DISMISS WILLFUL INFRINGEMENT**

Mobile Telecommunications Technologies, LLC, ("MTel") opposes Apple, Inc.'s ("Apple") Motion to Dismiss (Doc. No. 22) as follows:

## I.      THE MOTION TO DISMISS IS MOOT

Pursuant to FED. R. CIV. P. 15, MTel is allowed to amend "as a matter of course" within 21 days of service of a motion to dismiss or answer.  *See* FED. R. CIV. P. 15(a)(1)(B).  Apple's Motion to Dismiss (Doc. No. 22) and Answer and Counterclaims (Doc. No. 23) were filed August 5, 2013.  Thus, MTel was allowed to amend without leave prior to August 26, 2013.  It did so on August 22, 2013.  (Doc. No. 29).

The Amended Complaint resolved the only issue addressed Apple's Motion to Dismiss, willful infringement.  Thus, the Motion to Dismiss is mooted.  *See Thomas v. Duetsche Bank Nat. Trust Co.*, 3:12-cv-5014-M BF, 2013 WL 673988 (N.D. Tex. Jan 21, 2013) ("Plaintiffs have superseded [the motion to dismiss] by filing the Amended Complaint.  Therefore, Defendants' Motion to Dismiss should be denied as moot."); *Probabo Techs. Corp. v. Smartnet, Inc.*, Civ. A C-090349, 2010 WL 918573 (S.D. Tex. Mar. 12, 2010) ("If an amended complaint does not incorporate the earlier pleading, a court may deny as moot a motion to dismiss that was filed before the operative amended complaint.").

PLAINTIFF MOBILE TELECOMMUNICATIONS
TECHNOLOGIES, LLC'S RESPONSE TO APPLE'S MOTION
TO DISMISS WILLFUL INFRINGEMENT

Because the Motion to Dismiss is directed to the Original Complaint, and the Original Complaint is no longer the live pleading, the Motion to Dismiss should be denied as moot.

## II.    THE MOTION SHOULD BE DENIED IF URGED AGAINST THE AMENDED COMPLAINT

In the event Apple reurges the Motion to Dismiss against the Amended Complaint, MTel will substantively respond to the renewed motion at the appropriate time.  However, as briefly discussed below, the Motion to Dismiss in its present form is meritless against the Amended Complaint.

The issue raised in Apple's Motion to Dismiss is entirely centered on willful infringement.  (Doc. No. 22 at 2).  According to Apple, *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) requires that any willful infringement alleged in the original complaint must be based on pre-filing conduct.  (*Id*. at 2-3).

MTel in its Amended Complaint now alleges that the willful infringement is based entirely upon Apple's conduct prior to the filing of the Amended Complaint.  By example, MTel alleges the following with respect to infringement of U.S. Patent No. 5,809,428:

> Apple has had knowledge of the '428 Patent since at least the filing of this action or its service. Despite having knowledge of this patent for at least four months, Apple has: (1) continued to infringe, including continuing to make, use, sell, offer for sale and/or importing the accused mobile devices; (2) continued to advertise the accused mobile devices on its website; and (3) continued to provide instructions on the accused devices' use. Apple continued to do so despite being informed by the Original Complaint in sufficient detail both of the identity of the accused devices and the manner in which they infringe. Apple could have ended its sale of these accused devices to avoid the infringement alleged in the Original Complaint after service, but did not. Apple's actions are at least objectively reckless as to the infringement risk and this objective risk was either known or should have been known by Apple. Apple's infringement of the '428 Patent is willful, intentional, and in conscious disregard of MTel's rights under the patent.

(*See* Doc. No. 29 at ¶29).

Similar allegations exist for each patent-in-suit.

The allegations meet the *Seagate* requirement that willful infringement be based on "pre-filing" conduct. *See Clouding IP, LLC v. Amazon.com, Inc.*, CA 12-641-LPS, 2013 WL 2293452 (D. Del. May 24, 2013) ("[T]he time between the filing of the original complaint and the filing of the amended complaint should be deemed "pre-filing" conduct under *Seagate*.").

Further, although not discussed in the Motion to Dismiss, the allegations generally meet the guiding pleading standards as applied in this district. Allegation of knowledge of the patent and the accusation of infringement, coupled with factual allegations of continued infringement, satisfy the applicable pleading standards. *See, e.g.*, *Affinity Labs of Tex., LLC v. Alpine Elecs. of Am., Inc.*, 9:08-cv-171, 2009 WL 90911275 (E.D. Tex. Sept. 2, 2009) (allegation that defendant learned of patent with service of original suit yet continued to infringe adequately alleged willful infringement); *Titanide Ventures, LLC v. Int'l Bus. Machines Corp.*, 4:12-cv-196, 2012 WL 5507327 (E.D. Tex. Oct. 18, 2012) *report and recommendation adopted*, 4:12-cv-196, 2012 WL 5507316 (E.D. Tex. Nov. 14, 2012) (allegation that defendant knew of patent-in-suit through prosecution of other patents and infringed thereafter sufficient to allege willful infringement). *See also Clouding IP*, 2013 WL 2293452 (denying motion to dismiss where plaintiff alleged a defendant did not cease its infringing activity after the filing of an original complaint and before the filing of an amended complaint).

Because the allegations of willful infringement are entirely grounded in pre-filing conduct, Apple's Motion to Dismiss, if urged against the Amended Complaint, should be denied.

## III.   CONCLUSION

MTel's Amended Complaint properly filed pursuant to FED. R. CIV. P. 15 moots the Motion to Dismiss. Even if the Motion to Dismiss were not moot, it would be meritless as the allegations are entirely based on conduct before the filing of the Amended Complaint.

Dated: August 22, 2013

Respectfully Submitted,

/s/ *Daniel Scardino*

Daniel R. Scardino
Texas State Bar No. 24033165
Craig Steven Jepson
Texas State Bar No. 24061364
Henning Schmidt
Texas State Bar No. 24060569
Mark Halderman
Texas State Bar No. 24077403
Joshua Jones
Texas State Bar No. 24065517
Steven P. Tepera
Texas State Bar No. 24053510
REED & SCARDINO LLP
301 Congress Avenue, Suite 1250
Austin, TX  78701
Tel. (512) 474-2449
Fax (512) 474-2622
dscardino@reedscardino.com
jhendricks@reedscardino.com
stepera@reedscardino.com
hschmidt@reedscardin.com
mhalderman@reedscardino.com
jjones@reedscardino.com

*/s/ Deron Dacus*

Deron Dacus
Texas State Bar No. 00790553
THE DACUS FIRM, P.C.
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
Tel. and Fax: (903) 705-1117
ddacus@dacusfirm.com


**ATTORNEYS FOR PLAINTIFF
MOBILE TELECOMMUNICATIONS
TECHNOLOGIES, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2013, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas, using the electronic case files system of the court.  The electronic case files system sent a "Notice of Electronic Filing" to individuals who have consented in writing to accept this Notice as service of this document by electronic means.  All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by first class mail today August 22, 2013.

/s/ *Daniel Scardino*
Daniel R. Scardino