# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | § | |
|---|---|---|
| MOBILE TELECOMMUNICATIONS | § | |
| TECHNOLOGIES, LLC, | § | |
| Plaintiff, | § | |
| v. | § | Case No. 2:13-cv-258-RSP |
| | § | |
| APPLE INC., | § | |
| Defendant. | § | |

## APPLE INC.'S REPLY IN SUPPORT OF ITS RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW REGARDING INVALIDITY AND ALTERNATIVE MOTION FOR NEW TRIAL

**TABLE OF CONTENTS**

I. Introduction ................................................................................................................... 1

II. Saalfrank Anticipates Claim 10 of the 210 Patent ........................................................ 1

III. Reitberger Anticipates Claim 1 of the 403 Patent ......................................................... 2

IV. The Petrovic Article Anticipates Claim 1 of the 891 Patent ......................................... 3

V. The 210 Patent is Invalid for Failing to Properly List All Inventors ............................. 3

VI. Zabarsky Anticipates Claim 8 of the 428 Patent ........................................................... 3

VII. Kane 635 Anticipates Claims 1 and 8 of the 946 Patent ............................................... 4

VIII. The Will Patent Anticipates Claim 19 of the 506 Patent .............................................. 5

IX. The Will Patent in Combination with Unicode Renders Claim 8 Obvious .................. 5

I.  Introduction

Apple filed a Renewed Motion for Judgment as a Matter of Law Regarding Invalidity and Alternative Motion for New Trial. Dkt. 86 ("Motion").[1] MTel's response (Dkt. 93, "Response") fails to rebut the conclusion that the evidence presented at trial does not support the jury's findings of validity. Clear and convincing evidence showed that each patent-in-suit is invalid, and MTel's rebuttal case—as a matter of law—did nothing to dismantle Apple's showing. The fact that MTel's rebuttal case was based on irrelevant or illogical arguments and improper claim constructions simply supports Apple's Motion. Apple was not required at trial to "object" to illogical and inapplicable arguments in order to raise these shortcomings in JMOL briefing.

II. Saalfrank Anticipates Claim 10 of the 210 Patent

MTel only disputes that Saalfrank discloses elements 1 and 2 of claim 10. Response at 4. First, it is undisputed that Saalfrank discloses multiple transmitters that generate signals and transmit them in simulcast using multicarrier modulation. *See* Motion at 4-6; DX-31 (Saalfrank). And MTel's own expert, Dr. Vojcic, submitted that "multicarrier modulation," for purposes of infringement, meets element 1 (a "plurality of carrier signals" wherein each represents different information, together forming the total information). It follows that for purposes of invalidity, this limitation is also satisfied by a disclosure of multicarrier modulation. *See Bristol-Myers Squibb Co. v. Ben Venue Labs.*, 246 F.3d 1368, 1378 (Fed. Cir. 2001) ("it is axiomatic that that which would literally infringe if later anticipates if earlier"). With respect to element 2 ("second plurality of carrier signals" that correspond to and represent substantially the same information as the first plurality of carrier signals), MTel's expert argued *only* that the two sets of carrier

---

[1] Each of the issues presented in Apple's renewed motion was also presented in Apple's original motion filed on the last day of trial (Dkt. 54). Because that was the day of Dr. Kesan's rebuttal testimony on invalidity, specific citations to his testimony could not practically be incorporated in Apple's original motion.

1

signals in Saalfrank (which are *admittedly identical*) do not "correspond to and represent substantially the same information" as each other, as claimed. Tr. Tran. 11/17/2014 (morning) at 39:10-40:1. This argument is irrelevant as a matter of law because the plain meaning of the claim language clearly encompasses two sets of identical carrier signals. Finally, MTel is incorrect that Apple has waived its right to dispute the sufficiency of MTel's evidence or arguments. Apple filed pre-verdict JMOLs on all the issues herein (Dkt. 54), and as noted above Apple did not have to "object" at trial to MTel's irrelevant arguments in order to raise such inadequacies here.[2]

### III. Reitberger Anticipates Claim 1 of the 403 Patent

MTel's Response for the first time disputes that Reitberger discloses element (a) of claim 1. MTel waived that argument by not presenting it at trial. In any event, Apple's expert used demonstratives linking the claim language (including the words "blocks of information") with Reitberger's disclosure of each element, including element (a). *See* Motion at 9; Tr. Tran. 11/14/2014 (afternoon) at 81-82. Further, Mr. Lanning testified on multiple occasions that information signals in this particular field of technology are comprised of "blocks." *See, e.g.*, Tr. Tran. 11/14/2014 (afternoon) at 34:24, 45:15-18, 54:2-4.

With respect to elements (d) and (e) of claim 1, MTel's Response confirms Apple's position in its Motion—that MTel's entire rebuttal case is based on the incorrect proposition that claim 1 has a "non-simulcast limitation." *See* Response at 8 ("Reitberger…cannot satisfy the non-simulcast limitation"…"Dr. Kesan testified that the claim does require a non-simulcast mode"). As explained in Apple's Motion, claim 1 does *not* require a *non*-simulcast mode. Motion at 10; *see also* DX-1 (403 Patent) at 33:11-30.

---

[2] Apple takes this same position with respect to each of the patents discussed below and MTel's corresponding argument in its Response.

### IV. The Petrovic Article Anticipates Claim 1 of the 891 Patent

MTel only disputes that the third element (*i.e.*, A is greater than B divided by 2) of claim 1 is absent from the Petrovic Article. Accordingly, if there was clear evidence that the A value in the Petrovic Article is 9 (it is undisputed that B is 7.5 in the Petrovic Article), then the Petrovic Article anticipates claim 1. *See* Response at 9-10. While MTel contends that Dr. Kesan did not admit that A is 9, his testimony proves otherwise:

> Q. And the distance from the outermost carrier from the band edge is approximately **9 kilohertz**, correct?
>
> A. At -- at -- when the signal is way down, correct.
>
> Q. Okay. And that would be B or A? I forget now.
>
> A. So that distance is -- the -- the in -- in the way I define it, that distance would be the distance from the center frequency to the -- to that band edge that you have pointed there **that is A. Yes.**

Tr. Tran. 11/17/14 (morning) at 62:23–63:5 (emphases added). This admission flatly trumps any conclusory direct testimony to the contrary.

### V. The 210 Patent is Invalid for Failing to Properly List All Inventors

MTel attempts to distinguish Dr. Petrovic's contributions to the specification from his contributions to the claims, but the multicarrier modulation of the claims is the same multicarrier modulation of the specification. Further, MTel admits that the claims of the 210 Patent require multicarrier modulation. Response at 12. The trial evidence (including corroborating evidence by other inventors) shows that Dr. Petrovic significantly contributed to the multicarrier modulation aspects of the patent, including the claims. And despite MTel's suggestion, Dr. Petrovic never testified that he did not understand claim 10 (the only asserted claim).

### VI. Zabarsky Anticipates Claim 8 of the 428 Patent

MTel's Response asserts that Zabarsky does not disclose the "probe message" and "probe acknowledgment message" of claim 8. But as explained in detail in Apple's Motion and at trial,

3

Zabarsky's polling sequence is the claimed "probe message" because it is sent to locate a mobile device. Motion at 16-17. Further, MTel's expert admitted that pager location is a key aspect of the Zabarsky reference, and that Zabarsky initiates a polling sequence when a pager is not responding. Tr. Tran. 11/17/14 (morning) at 74:2-9. The Zabarsky reference also explicitly states that if the polling sequence is not acknowledged then the data message is stored for future delivery (thus disclosing a polling acknowledgment, *i.e.* a "probe acknowledgement message"). *See* Motion at 17; DX-112 at 7:16-23, 10:46-52; Tr. Tran. 11/14/14 (morning) at 38:1–39:12. In view of these admissions and the explicit disclosure in the reference itself, the *ipse dixit* direct testimony of Dr. Kesan that polling is not a probe (Tr. Tran. 11/17/14 (morning) at 23:20-26:24) simply does not overcome the clear and convincing evidence presented by Apple. *See Viazis v. Am. Ass'n of Orthodontists*, 182 F. Supp. 2d 552, 571 (E.D. Tex. 2001) (expert testimony "was not sufficient…because it offered nothing more than bare conclusions.").

**VII.    Kane 635 Anticipates Claims 1 and 8 of the 946 Patent**

MTel has two arguments for why Kane allegedly does not anticipate claims 1 and 8 of the 946 Patent: (1) Apple's expert did not show that Kane discloses structure for performing the claimed "means for receiving said specified portion retransmitted from the communication network and for displaying the received specified portion on the display"; and (2) Kane "fails to disclose the ability for the user to specify a portion of the message to be retransmitted." Response at 17-18. Both fail. Apple's expert testified that Kane discloses structure such as "a paging system for reliably delivering electronic mail messages" (Tr. Tran. 11/14/14 (morning) at 11:19-20), a "mobile unit" (*id.* at 12:1-3), a "modem" within the mobile unit (*id.* at 12:15), and "a display" for displaying messages (*id.* at 13:4-7). As to MTel's second argument, Apple's Motion details how Dr. Kelly testified that the user of the mobile can manipulate buttons or

switches to request retransmission of a message block, and how Dr. Kesan's rebuttal was off base. *See* Motion at 19-21.

**VIII. The Will Patent Anticipates Claim 19 of the 506 Patent**

MTel only disputes that the Will Patent discloses transmitting both a message code and response code at the same time. Response at 19-20. MTel alleges that Dr. Kesan only admitted that the Will Patent discloses transmitting both a message and a response at the same time (not a message <u>code</u> and response <u>code</u>), but that argument fails because the Will Patent discloses sending a message or response option by sending a code. For example, the Will Patent discloses a file of canned messages and message codes and a file of canned response options and response codes. *See* Motion at 22. The Will Patent also discloses the mobile transmitting the message/response code assigned to the selected canned message/response option. *See id.* at 22-23. The Will patent does not disclose that these ***cannot*** be sent at the same time, and MTel has not identified any such disclosure. Therefore whether Dr. Kesan's admission on cross exam is as limited as MTel alleges is irrelevant in light of the actual disclosure of the Will Patent.

**IX. The Will Patent in Combination with Unicode Renders Claim 8 Obvious**

MTel only disputes that the Will Patent and Unicode disclose relaying the message code from the network operation center to the second terminal—no other claim elements are in dispute. Response at 20. But despite conclusory statements during direct, on cross Dr. Kesan admitted that Unicode discloses that element: "Yes, I think what -- what I'm trying to say here is that you have a code and you have characters. And you send the code, and the computer or mobile unit that gets the code…" Tr. Tran. 11/17/2014 (morning) at 80:13-15. Finally, despite MTel's suggestions, Dr. Kesan never testified that one of ordinary skill would not have been motivated to combine the Will Patent and Unicode nor that it would not be obvious to combine the two. *See generally* Tr. Tran. 11/17/2014 (morning).

5

Dated: January 23, 2014

OF COUNSEL:

   Brian E. Ferguson
   Anish R. Desai
   David M. DesRosier
   Christopher T. Marando
   Megan H. Wantland
   Christopher Pepe
   WEIL GOTSHAL & MANGES LLP
   1300 Eye Street NW, Suite 900
   Washington, DC 20005
   (202) 682-7000
   (202) 857-0940 FAX
   brian.ferguson@weil.com
   anish.desai@weil.com

   Garland Stephens
   WEIL GOTSHAL & MANGES LLP
   700 Louisiana, Suite 1700
   Houston, TX 77002-2755
   (713) 224-9511 FAX
   garland.stephens@weil.com

   Anne M. Cappella
   Jill J. Schmidt
   WEIL GOTSHAL & MANGES LLP
   201 Redwood Shores Parkway
   Redwood Shores, CA 94065
   (650) 802-3000
   (650) 802-3100 FAX
   anne.cappella@weil.com
   jill.schmidt@weil.com

Respectfully submitted,

By: */s/ Anish R. Desai*_____
   Eric H. Findlay
   State Bar No. 00789886
   Brian Craft
   State Bar No. 04972020
   FINDLAY CRAFT, P.C.
   102 North College Avenue
   Suite 900
   Tyler, TX 75702
   (903) 534-1100
   (903) 534-1137 FAX
   efindlay@findlaycraft.com
   bcraft@findlaycraft.com

**COUNSEL FOR DEFENDANT APPLE INC.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 23, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record.

Daniel R. Scardino, Esq.
Craig S. Jepson, Esq.
REED & SCARDINO LLP
301 Congress Avenue, Suite 1250
Austin, TX 78701
Tel. (512) 474-2449
Fax (512) 474-2622
MTELSamsungAppleTeam@reedscardino.com

Deron Dacus, Esq.
THE DACUS FIRM, P.C.
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
Tel. and Fax: (903) 705-1117
ddacus@dacusfirm.com

*Attorneys for Mobile Telecommunications Technologies, LLC*

                                            */s/ Anish R. Desai*
                                            Anish R. Desai