UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC, | § § § | |
| Plaintiff, | § § | Civil Action No. 2:13-cv-00258-JRG-RSP |
| v. | § § | |
| APPLE, INC. | § § | |
| Defendant. | § § | |

**MTEL'S SURREPLY TO APPLE INC.'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW REGARDING INVALIDITY AND <u>ALTERNATIVE MOTION FOR NEW TRIAL</u>**

I.   **Introduction**

Apple has failed to meet its burden of clear and convincing evidence that any claim is invalid. Contrary to Apple's continued assertion, it is not MTel's burden to present any evidence or argument that a reference fails to disclose each and every element of the asserted claims. While MTel focused on specific elements that are missing, MTel does not concede that the other elements are present in the prior art as argued by Apple.

II.   **Apple Failed To Prove That Saalfrank Anticipates Claim 10 Of The '210 Patent**

Apple's reply (Dkt. No. 100, "Reply") improperly conflates "multicarrier modulation" with the scope of claim 10.[1] Claim 10 requires a particular configuration of modulated carrier signals such that the resultant frequencies of the modulated carrier signals have a correspondence to each other, but that the modulated signals are not identical. ('210 Patent at 34:49-58; Kesan, 11/17/2014 AM Trial Tr. at 36:25-41:6). In Saalfrank, the modulated carrier signals are identical. (Kesan, 11/17/2014 AM Trial Tr. at 39:13-14).[2] Apple's argument that the claim encompasses, and only requires, two sets of identical carrier signals is technically flawed and unsupported by any evidence. The carrier signals in the claims must be modulated with information, and the respective resultant modulated carrier signals must not be identical to each other. (*Id*. at 37:3-25, 39:15-20). Additionally, as noted by Dr. Kesan, because Saalfrank uses identical carrier signals to transmit identical information, Saalfrank must have an additional sub-carrier to transmit extra region and transmitter ID information. (*Id*. at 38:3-15, 39:21-40:16). Thus, the totality of information transmitted by each transmitter is different and does not correspond to the requirement of claim 10. (*Id*. at 38:3-15).

---

[1] "It follows that for purposes of invalidity, this limitation is also satisfied by a disclosure of multicarrier modulation." (Reply at 1).
[2] Apple acknowledges the signals in Saalfrank are identical. (Reply at 3-4).

### III. Apple Failed To Prove That Reitberger Anticipates Claim 1 Of The '403 Patent

Apple's claim that MTel waived the assertion that Apple failed to disclose element (a) is another improper attempt to shift the burden to MTel. The record is clear, Apple's expert never discussed "blocks of information" as required in element (a). Demonstratives are not evidence. Apple's reference to non-evidence and conclusory statements that the requirements of the first element are satisfied does not establish by clear and convincing evidence that the element is indeed disclosed. Regarding elements (d) and (e), the claim explicitly recites transmitting two different blocks of information from the transmitters. According to the Court's construction of simulcast, this mode of transmission is non-simulcast as explained by Dr. Kesan. Kesan, 11/17/2014 AM Trial Tr. at 34:5-36:24). Because Reitberger only has one mode of transmission, it cannot disclose the two required different modes of transmission (simulcast and non-simulcast) as required by the '403 Patent.

### IV. Apple Failed To Prove The Petrovic Article Anticipates Claim 1 Of The '891 Patent

Again, Apple's reply overstates the evidence. Dr. Kesan did not admit the Petrovic article disclosed the required formula for the mask offset as required by the claim. Indeed, Dr. Kesan explicitly testified that the Petrovic reference not only fails to disclose this formula, the Petrovic paper describes a system that violates the required formulaic relationship recited in claim 1. (*Id.* at 47:8-49:5). Apple's reliance on a reference to a zero-amplitude portion of the frequency spectrum is not relevant. At zero amplitude, there is no signal. Again, it is Apple's burden to prove invalidity by clear and convincing evidence, which it failed to do.

### V. Apple Failed To Prove That The '210 Patent Did Not Properly Lists All Inventors

Apple again wrongly conflates all types of multicarrier modulation as being equal. Claim 10 of the '210 Patent is not simply multicarrier modulation, and there is no evidence Apple has been able to identify that demonstrates any contribution by Dr. Petrovic to any claim of the '210

Patent. Simply contributing to aspects of a single figure does not equate to being an inventor of every invention disclosed in a specification. The direct evidence in this case supports that Dr. Petrovic is not an inventor of the specific claims of the '210 Patent.

> Applicants acknowledge that the subject matter to which Mr. Petrovic is an inventor is *no longer claimed* in this application, which is a continuation application of Serial No. 07/973,918.[3]

Indeed, the inclusion of an improperly named inventor could invalidate the patent. Because MTel already had an assignment to the parent patent and continuations, it would have no interest in removing a proper inventor. Apple failed to meet its burden because Dr. Petrovic is not an inventor of the '210 Patent.

## VI. Apple Failed To Prove That Zabarsky Anticipates Claim 8 Of The '428 Patent

Contrary to Apple's assertion, the "polling" process in Zabarsky is different than a probe message as required by the '428 Patent. (Kesan, 11/17/2014 AM Trial Tr. at 24:6-25:13). Further, Zabarsky only discloses a single type of acknowledgement message – it does not disclose a specific data acknowledgement message and a separate specific probe acknowledgement message as required by claim 8. (*Id*. 25:22-26:8).

## VII. Apple Failed To Prove That Kane Anticipates Claims 1 And 8 Of The '946 Patent

Apple failed to present a *prima facie* case that Kane anticipates claims 1 and 8. With respect to a means-plus-function element, it is insufficient to simply assert the function is performed in some way. *McGinley v. Franklin Sports, Inc.,* 262 F.3d 1339, 1361 (Fed. Cir.2001) ("[I]n the context of a means-plus-function claim, the invalidating prior art must disclose not simply a means for achieving the desired function, but rather the particular structure recited in the written description corresponding to that function, or an equivalent thereof."). Apple and its expert failed to meet the requirement with respect to the Kane reference and thus failed to meet its burden. Further,

---

[3] PX-014 (MTEL1200944-950).

MTEL'S SURREPLY TO APPLE INC.'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW REGARDING INVALIDITY AND ALTERNATIVE MOTION FOR NEW TRIAL

3

Dr. Kesan testified how Kane is an "all-or-nothing" system in contrast to the user-selectable system of the '946 Patent. (Kesan, 11/17/2014 AM Trial Tr. at 21:20-23:19).

## VIII. Apple Failed To Prove That Will Anticipates Claim 19 Of The '506 Patent

The last element of claim 19 requires sending both a message code and a response code at the same time. Will does not allow for sending these two separate codes at the same time. (Kesan, 11/17/2014 PM Trial Tr. at 28:2-10; 39:25-30:13)[4]. Apple has again failed to meet the high burden of establishing by clear and convincing evidence that claim 19 is invalid.

## IX. Apple Failed To Prove That Will In Combination With Unicode Renders Claim 8 Of The '506 Patent Obvious

While MTel focused on the relaying step, MTel does not concede, as Apple wrongly argues, that all but one element is established in the combination of Will and Unicode. Instead, Dr. Kesan testified that such a combination would not be an obvious combination that would establish each and every element of claim 8. (*Id.* at 28:4-29:5, 29:16-32:5). Further, with respect to the testimony cited by Apple, Dr. Kesan did not state that Unicode is a message code that would identify a message within the Will system. Indeed, Dr. Kesan testified Will and Unicode fail to have the required master files at the network operation center and the terminals and fail to disclose relaying the message code from the network to the second terminal. (*Id.* at 26:25-28:1; 28:11-29:24; 31:1-32:14; 32:25-33:8).

## X. Conclusion

Apple cannot shift its high burden of clear and convincing evidence. For the reasons set forth above and in MTel's response, Apple's motion for JMOL and new trail regarding invalidity must be denied.

---

[4] *See* DX-78, Col. 12, l. 47 – col. 13, l. 13; Fig. 12, Ref 136 & 137 (showing option to include only one code type/code in a message).

| | |
|---|---|
| Dated: February 2, 2015 | Respectfully Submitted, |

*/s/ Raymond W. Mort, III*
Daniel R. Scardino
Texas State Bar No. 24033165
Craig S. Jepson
Texas State Bar No. 24061364
Henning Schmidt
Texas State Bar No. 24060569
Debra L. Dennett
Texas State Bar No. 00793610
Raymond W. Mort
Texas State Bar No. 00791308
Dustin L. Taylor
Texas State Bar No. 24088510
Brian L. King
Texas State Bar No. 24055776
REED & SCARDINO LLP
301 Congress Avenue, Suite 1250
Austin, TX 78701
Tel. (512) 474-2449
Fax (512) 474-2622
dscardino@reedscardino.com
cjepson@reedscardino.com
hschmidt@reedscardino.com
ddennett@reedscardino.com
rmort@reedscardino.com
dtaylor@reedscardino.com
bking@reedscardino.com

Deron Dacus
Texas State Bar No. 00790553
Shannon Dacus
Texas State Bar No. 00791004
THE DACUS FIRM, P.C.
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
903-705-1117 (phone & fax)
ddacus@dacusfirm.com
sdacus@dacusfirm.com

**ATTORNEYS FOR PLAINTIFF**
**MOBILE TELECOMMUNICATIONS**
**TECHNOLOGIES, LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 2, 2015, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas, using the electronic case files system of the court. The electronic case files system sent a "Notice of Electronic Filing" to individuals who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Raymond W. Mort, III*
Raymond W. Mort, III

MTEL'S SURREPLY TO APPLE INC.'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW REGARDING INVALIDITY AND ALTERNATIVE MOTION FOR NEW TRIAL

6